

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NUMBER 1:07MS00061 |
| v. | JUDGE: Richard W. Roberts |
| ANTWUAN BALL, et al., | DECK TYPE: Miscellaneous |
| | DATE STAMP: 02/09/2007 |

### MOTION TO QUASH SUBPOENA DUCES TECUM

DeCola Jones ("Movant"), a nonparty to the above-referenced matter, hereby moves this Court to quash the Subpoena Duces Tecum issued by James Beane, Esq. in the above-captioned matter. In support of her Motion, Movant relies upon the following:

1. Fed. R. Crim. P. 17(c)(2);

2. Fed. R. Crim. P. 47;

3. Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder         #265041
Michael J. Carmody       #455703
1889 Preston White Drive, Suite 200
Reston, VA  20191
(703) 766-4400



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Subpoena Duces Tecum, Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum, and Proposed Order was mailed, first-class, postage prepaid, this 8th day of February 2007 to James Beane, 2715 M Street, N.W., Ste 200, Washington, DC 20001 (Counsel for Defendant Gregory Bell), with a copy to Glenn Leon, Assistant U.S. Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 4112, Washington, DC 20530.

BY: _____

Anne M. Magruder      #265041
Michael J. Carmody    #455703

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No.: ~~07-mc-00061~~ |
| | ) ~~Judge Roberts #22~~-A |
| ANTWUAN BALL, et al., | ) |
| | ) |

**STATEMENT OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM**

DeCola Jones ("Movant," who is a non-party to this case and who was improperly named in the Subpoena as "De' Cola Jones"), has moved the court to quash the Subpoena Duces Tecum in a Criminal Case issued by counsel for Defendant Gregory Bell dated February 7, 2007 ("Subpoena"), pursuant to Federal Criminal Procedure Rule 17(c)(2), as (1) the Subpoena was improperly served, (2) the Subpoena failed to properly identify the person authorized to produce the requested records, and (3) compliance with the Subpoena would be unreasonable and oppressive.

BRIEF BACKGROUND

Movant is an employee of Edgewood Management Corporation ("Edgewood"), the managing agent for Congress Park Apartments ("Congress Park"), an apartment complex located in Southeast D.C. James Beane, Esq. ("Beane"), attorney for Defendant Gregory Bell, issued the above-referenced Subpoena, dated February 7, 2007, which was addressed as follows:

To:   De' Cola Jones
      Community Manager, Congress Park I & II Apts
      1345 Savannah Street, SE

07-61 (MS)

FILED

FEB - 9 2007

NANCY MAYER WHITTINGTON
U.S. DISTRICT COURT

Washington, DC 20032

A copy of the Subpoena is attached hereto as Exhibit 1 and incorporated by reference herein. Beane sent an investigator named Joseph Aronstamn ("Aronstamn") to Congress Park on Wednesday, February 7, 2007, and Aronstamn attempted to have the Subpoena served on Movant by leaving the Subpoena in a chair in the front of the rental office at Congress Park. Movant explained to Aronstamn that she could not accept the Subpoena on behalf of Edgewood and that she was not the custodian of books and records for Edgewood, but Aronstamn erroneously attempted to serve Movant regardless. Aronstamn did not tender any witness fees or mileage fees along with the Subpoena when he left the Subpoena on the chair in the office. Furthermore, the Subpoena incorrectly referenced Movant as "De' Cola Jones" and requested Congress Park's records, which records Movant does not have any authority to turn over. To date, neither Beane nor Aronstamn have attempted to revise or modify the Subpoena, nor have they attempted to cure the Subpoena's deficiencies.[1]

## ARGUMENT

1.  ## The Subpoena Should Be Quashed For Improper Service.

Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena in a criminal case, provides that:

> **(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need

---

[1] While attempting to serve the Subpoena on Movant, Aronstamn also made threatening remarks to Movant, declaring that he would send the U.S. Marshals to "pick up" Movant if she did not appear in court on the date designated in the Subpoena. Although Movant does not intend to rely upon these facts alone as grounds for quashing the Subpoena, Movant would like the court to be aware of the hostile and coercive intimidation tactics involved in Aronstamn's method of service.

>not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

Fed. R. Crim. P. 17(d). In the present case, a copy of the Subpoena has not been delivered to Movant, nor have any witness-attendance fees been tendered to Movant. Instead, Aronstamn left the Subpoena on a chair at Congress Park, and Aronstamn did not include any payment for witness fees or mileage payments with the Subpoena.

If Edgewood is the entity to whom Beane intended to direct the Subpoena, then because Edgewood is a corporation, the Federal Rules require service of process to conform to the relevant state and federal statutes authorizing service of process on a corporation. Thus, the service of the Subpoena is proper if it was effected in accordance with either Federal Rule of Civil Procedure 4(h), or the service of process statutes of the District of Columbia. *See* Fed. R. Civ. P. 4(h). The District of Columbia authorizes service by delivery of "a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service." D.C. R. Civ. P. 4(e)(1)(West 2001). Edgewood maintains a registered agent in the District of Columbia for service of process.[2]

If Movant is the individual to whom Beane intended to direct the Subpoena, then the Subpoena should have properly named Movant as witness by spelling Movant's name correctly and removing any reference to Congress Park, and the Subpoena should have been personally served upon Movant <u>along with witness-attendance fees and/or mileage fees</u>, according to the relevant state and federal statutes for personal service of process on an individual.

---

[2] Counsel for Movant has identified Edgewood's registered agent to Beane and has provided Beane with the address for that registered agent. Beane has failed or refused to use that information.

Because the Subpoena was not properly delivered to Movant, and because the Subpoena was not served along with witness and mileage fees under Fed. R. Cr. P. 17(d), the Subpoena should be quashed for improper service.

2.  <u>The Subpoena Should Be Quashed For Its Failure To Properly Identify The Person Authorized to Produce the Requested Records.</u>

Even if the Subpoena in this matter had been properly served upon Movant, the Subpoena should still be quashed for its failure to properly identify an individual with custody of the books and records requested in the Subpoena.

The Subpoena does not properly identify any person who is the custodian of books and records for Edgewood, and only Edgewood, not Movant, is in possession, custody, and control of the requested records.  The Subpoena requests information about certain tenants and apartments at Congress Park; however, the Subpoena has failed to identify any person who is authorized to produce such records as custodian of books and records for Congress Park.  Movant is not custodian of books and records for Congress Park and would have no power or authority to turn over any of the requested records, since they are not in her possession, custody or control.  In order to obtain any information from Congress Park's books and records, the Subpoena must command an individual authorized to review and maintain such records, typically, the custodian of books and records.  The Subpoena does not identify or command as a witness any such authorized individual for Edgewood Management Corporation or for Congress Park; instead, the Subpoena commands "De' Cola Jones" to produce such records; "De' Cola Jones" is not Movant's correct name, and if the Subpoena was meant to be directed to Movant, Movant has no authority over the requested records.

Thus, the Subpoena should be quashed because it fails to properly identify any

person who is authorized to produce the records requested in the Subpoena.

### 3. The Subpoena Should Be Quashed Because Compliance Would Be Unreasonable And Oppressive

Even if the Subpoena in this matter had been property served upon Movant and had properly identified the witness it attempts to command to appear, the Subpoena should still be quashed because it is unreasonable and oppressive in allowing such little time for compliance. Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena, provides that:

> (c)(2) The court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(2). As a further example, though not controlling in this case, Rule 45 of the Federal Rules of Civil Procedure allows for the court to quash a motion that "fails to allow reasonable time for compliance". See Fed. R. Civ. P. 45 (requiring a minimum of 14 days notice for subpoenas requesting production of documents).

In the present case, the Subpoena was served on Wednesday, February 7, 2007, for a court appearance on Tuesday, February 13, 2007 at 9:30 AM. The Subpoena thus allowed only three business days between the service date and the court appearance date, which cannot possibly be enough time for Movant to collect and review all applicable records (not that Movant would have authority over those records to produce same). Considering the time allowed, compliance with this Subpoena would be unreasonable and oppressive, which constitutes another inadequacy in addition to the Subpoena's other deficiencies. Thus, the Subpoena should be quashed because compliance in this time frame would be unreasonable and oppressive.

## CONCLUSION

The Subpoena cannot stand in its current state—it requests records from a person who is not authorized to maintain such records, it was not properly served, and it does not allow for reasonable time for compliance. Thus, the Movant requests that the Court quash the Subpoena Duces Tecum in this matter in its entirety.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder          #265041
Michael J. Carmody        #455703
1889 Preston White Dr., Ste 200
Reston, VA 20191
(703) 766-4400

E49991.031

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

_____ DISTRICT OF _____

IN FORMA PAUPERIS                     DUCES TECUM

UNITED STATES OF AMERICA                     **SUBPOENA IN A**
                                             **CRIMINAL CASE**
V.

ANTWUAN BALL, et al.                         CASE NUMBER: CR 05-100 (03)

TO:   De'Cola Jones
      Community Manager, Congress Park I & II Apts
      Edgewood Management
      1345 Savannah Street, SE
      Washington, DC 20032      (202) 574-4633

☒ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE | COURTROOM |
|---|---|
| The United States District Court for the District of Columbia 333 Constitution Avenue, N.W. Washington, D.C. 20001 | Judge Roberts #22-A |
| | DATE AND TIME |
| | February 13, 2007 at 9:30 AM |

☒ **YOU ARE ALSO COMMANDED to bring with you the following document(s) or objects(s):**

PLEASE SEE ATTACHED LIST OF DOCUMENTS

EXHIBIT
1

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON (by) Deputy Clerk | 02/07/2007 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001 (202) 333-5905

<u>ST OF REQUESTED DOCUM TS</u>
AN ATTACHMENT TO FEDERAL SUBPOENA
CASE NUMBER: CR 05-100 (03)
Served by Joseph H. Aronstamn, Private Investigator
Records to Be Obtained From
Edgewood Management
Subpoena dated 02/07/07

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. **Information for the following people and/or apartments, including but not limited to:**
    1.1. **Dates of Birth**
    1.2. **Social Security Numbers**
    1.3. **Emergency contact** information
    1.4. **Forwarding addresses and phone numbers**
    1.5. **All information on employment,** including but not limited to, name, address and telephone number of employer and dates of employment.
    1.6. **All information on relatives,** including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.
    1.7. **All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.**
    1.8. **Any and all information on business relationships or other relationships,** including but not limited to: contracts, agreements, proposals, negotiations, notes, memos, letters, emails, files, time cards, W-2 Forms, tax documents, contact information and any and all documentation

2. **GREGORY BELL**
    2.1. Any and all records regarding Gregory Bell, including but not limited to:
        2.1.1. Employment records
        2.1.2. Proposals of business models submitted to Edgewood
        2.1.3. Involvement in any companies, organizations or other entities contracted or having business dealings with Edgewood Management
        2.1.4. Any notes, reports, memos or other materials

3. **RENE CUNNINGHAM**
    3.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
    3.2. Moved from Congress Park in 1998/1999

4. **1303 CONGRESS ST, UNIT #30, SE WDC**
    4.1. For the time period of June 2000
    4.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
    4.3. Who resides there now?

5. **GAIL PARSON**
    5.1. DOB: 8/12/60
    5.2. SSN: 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

6. **TOYA GIBBS**

AN ATTACHMENT TO FEDERAL SUBPOENA; CASE NUMBER: CR 05-100 (03)
Page 2 of 3

7. **3401 13ᵀᴴ PL, SE UNIT #103**
    7.1. For the time period July 27, 2000
    7.2. Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
    7.3. Who resides there now?

8. **CHARLETTE O'BRIEN**
    8.1. Moved out on 4/15/2004
    8.2. May have resided at 1326 Congress St, SE #6

9. **1330 CONGRESS ST, SE, UNIT #5**
    9.1. For the time period April 4, 2004
    9.2. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
    9.3. Who resides there now?

10. **MARY M. MCCLENDON**
    8.1 Date of Birth: 01/12/1952

11. **3408 13ᵀᴴ PL, SE UNIT #204**
    9.1 For the time period October 4, 2004
    9.2 Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04

12. **EDGEWOOD MANAGEMENT EMPLOYEE W/FIRST NAME "PETE"**
    12.1. This employee's first name was/is Pete
    12.2. He worked there approximately 2000-2004
    12.3. Possibly manager at rental office? Possibly grounds manager?
    *12.4. Supervisor for Gregory Bell*

13. **CONTINENTAL POOLS**
    13.1. Information on contacts with this company by Edgewood Management
    13.2. Contact information for this company

14. **HAMEL CONSTRUCTION**
    14.1. Information on contacts with this company by Edgewood Management
    14.2. Contact information for this company

15. **EAGLE TECHNOLOGIES /SECURITY**
    15.1. Information on contacts with this company by Edgewood Management
    15.2. Contact information for this company

16. **EDGEWOOD SECURITY MANAGEMENT**
    16.1. Security contract through Antwuan Ball's organization.

17. **OTHER BUSINESSES EDGEWOOD MANAGEMENT MAY HAVE INTERACTED WITH (including but not limited to the following)**
    17.1. Making a Neighborhood Network
    17.2. Changing Neighborhoods into Communities,
    17.3. Capital Area Food bank
    17.4. Kimsey Foundation
    17.5. Step Foundation